## KEMPER MILL & ELEVATOR COMPANY, Plff.,

*v.*

## PONS ET AL., Dfts.

San Juan, Law, No. 1109.

ON DEMURRER TO COMPLAINT.

Allegations in Complaint—Conclusions of Law.

While an allegation in a complaint may be a conclusion of law,

Kemper Mill & Elev. Co. v. Pons.

it will not necessarily be stricken out where leaving it in will aid in ascertaining the views of the pleader, as at most it is matter of argument and not of proof.

Opinion filed March 21, 1916.

*Messrs. Scoville & Kelley* for plaintiff.

*Mr. H. G. Molina* for demurrant defendants.

HAMILTON, Judge, delivered the following opinion:

This suit was brought November 24, 1915, against the defendants as the heirs of José Pons. The complaint alleges a sale by plaintiff to E. R. Pons & Company, November 26, 1910, of large quantities of flour, for which there was due $3,317.50, besides damages and costs. Suit for this amount was brought in the insular district court of San Juan, second section, and judgment recovered October 30, 1911, which, upon appeal to the local supreme court, was affirmed February 12, 1912. Execution was issued against E. R. Pons & Company, and returned "no property." This firm was one "en comandita," and was made up of Eduardo Pons as "gerente" and José Pons as "comanditario," but the papers had not been registered in the commercial registry at the time of the contract which was the subject of the above suit in the local court. Plaintiff alleges that at the time of the above sale he was informed and believed that José Pons was a general partner of the firm, and extended the credit to E. R. Pons & Company, relying upon the financial responsibility of the said José Pons. The prayer of the com-

plaint is for judgment holding that José Pons was a general partner of the firm, and as such answerable with his private property, in the absence of the firm's property, for the firm's debts, and judgment accordingly.

1. Defendants filed a motion to strike the allegation that José Pons was not a comanditario, because the agreement was not registered, the ground of the demurrer being that the allegation is irrelevant and redundant as a conclusion of law. There is probably something in this contention, but the redundant matter is so small, and the advantage so great in having the view of the pleader as to the basis of his complaint, that it would seem better to refuse the motion. So far as it is a conclusion of law, it is a matter of argument and not of proof, and can be taken care of by the court at the time of the jury trial.

2. The demurrer sets up that the cause of action is in equity and not at law. The complaint seeks to subject the property of a partner, which has descended to his heirs, to a firm debt. There does not appear to be involved any of the usual heads of equity jurisprudence. There is no fraud, trust, mistake, or accounting involved. There is no conflicting cloud upon the title. The property stands subject to the same obligations, whatever they were, that existed in the lifetime of José Pons himself. It does not appear that this ground of demurrer is well taken.

3. The demurrer next sets up prescription under §§ 949 and 950 of the Commercial Code, and § 1867 of the Civil Code. These sections, however, do not seem to cover the state of facts involved. The first is in favor of a partner withdrawing from a partnership, and the second relates to actions of managing and directing members of associations, to be counted

from the time they cease to manage. Such does not seem to be the case in the suit in question. Section 1867 of the Civil Code covers the payment of income for support, the payment of rents, and any other payment which should have been made annually or in shorter periods. If there is any obligation at all in the case at bar, it is for payment of the debt as a whole after the exhaustion of firm property, and so it does not come under the section quoted from the Civil Code.

4. The demurrer next alleges that the matter is *res judicata,* and argument is made that when the local judgment was entered against E. R. Pons & Company, it included José Pons, who was then living, if he was liable at all. Under the local law a partnership can be sued as an entity, and the judgment runs ultimately against all the members. The complaint, however, does not show on whom service was had, and the demurrer, therefore, goes too far. It is a speaking demurrer. One cannot import into the complaint by demurrer what is not there already. How far the point may be properly raised by allegation in an answer is another question. It is not clear on the allegations of the complaint that the matter is *res judicata.*

5. The allegation that the complaint is ambiguous, unintelligible, and uncertain is clearly too broad. It is not all of these, and it may be a question if it is any of these. The question is not at all as to the meaning of the complaint, but as to the nature of the remedy to which the plaintiff is entitled. The demurrer is overruled.

It is so ordered.